UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY MICKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01608-RLY-MJD |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| TRACY KEITHLEY in her individual ) | |
| capacity and official capacity as officer of the ) | |
| Indianapolis Metropolitan Police Department, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO COMPEL**

This matter comes before the Court on Anthony Mickle's ("Plaintiff") Motion to Compel Production of Documents. [Dkt. 46.] For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion to compel.

**I. Background**

On October 1, 2014, Plaintiff filed his Complaint against Tracy Keithley ("Officer Keithley") and the City of Indianapolis ("the City"), collectively "Defendants," alleging that Officer Keithley used unreasonable and excessive force against him in violation of Section 1983 of the Civil Rights Act and that the City negligently hired, supervised, and/or retained Officer Keithley. [Dkt. 1.] Specifically, Plaintiff alleges that, while responding to a call from the Country Hearth Hotel on October 7, 2012, Officer Keithley shot Plaintiff once in the head and once in the thigh even though Plaintiff "complied with all of Officer Keithley's demands" to remove his hands from his pockets and lie down. [*Id.* at 3.] In response, Defendant alleges that Plaintiff matched the description of a suspect who had reportedly threatened the hotel clerk with a knife, that Plaintiff did not comply with Officer Keithley's orders that Plaintiff remove his

1

hands from his pockets and lie down face down, and that Officer Keithley, believing that Plaintiff's hand was on a gun in his pocket, fired three shots. [Dkt. 14 at 2-3.]

On March 30, 2015, Plaintiff served Defendants with his First Request for Production of Documents, requesting in relevant part that Defendants produce "[a]ll documents relating to all investigations into, concerning and/or following the Incident." [Dkt. 47-1 at 6.] In making this request, Plaintiff was seeking the Indianapolis Metropolitan Police Department Internal Affairs ("IMPD Internal Affairs") reports and summaries pertaining to the October 7, 2012 shooting ("Incident"), but Defendants responded by alleging that the Report and Summary sought are protected by the law enforcement investigatory privilege, pursuant to *Anderson v. Marion County Sheriff's Department*, 220 F.R.D. 555 (S.D. Ind. 2004). [Dkt. 47-2 at 28.] Following a settlement conference in the matter on July 13, 2015, the Court authorized Plaintiff to file a motion to compel the production of the Report and Summary, which motion Plaintiff filed on July 17, 2015. [*Id.* at 2.]

Oral argument was held on August 11, 2015, at which time Plaintiff withdrew his request for any Summary pertaining to the Incident, limiting the documents in question to those factual documents (such as witness statements) that underlie the Summary. Additionally, Defendants were ordered to submit copies of the withheld documents for *in camera* review, and the matter was taken under advisement. [Dkt. 50.] Because Defendants' submission appeared to contain both withheld documents and documents that had already been produced, the Court scheduled a follow-up hearing on August 18, 2015, at which hearing Defendants coincidentally agreed to produce certain documents previously withheld, pursuant to a protective order. [*See* Dkts. 51, 52.] In its Minute Order for the subsequent hearing, the Court clarified that "Defendants are to provide the Magistrate Judge, for *in camera review*, **only** the documents that counsel has actually

withheld from production. In addition, on or before **August 21, 2015**, Defendants can provide any further submissions on the issue of the production of Officer Keithley's statement." [Dkt. 51 (emphasis added).] Accordingly, on August 20, 2015, Defendants submitted a compact disc with two electronic folders—one marked Privileged and one marked Attorneys' Eyes Only—for *in camera* review. Having so narrowed the issues, Plaintiff's motion to compel [Dkt. 46] is now before the Court.

## II.  Legal Standard

Rule 37 permits a party to file a motion to compel an opposing party to make a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). Ultimately, this Court has "broad discretion in discovery matters, [including when ruling on a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

## III.  Discussion

Plaintiff asserts that the law enforcement investigatory privilege should not be applied to the IMPD Internal Affairs Report and Summary sought because, when weighing the ten factors established by the *Frankenhauser* court, each factor weighs in favor of the Plaintiff. [Dkt. 47 at 4-9.] In response, Defendants argue that the three most significant and applicable factors[1] weigh heavily in their favor, and thus the Court should deny Plaintiff's motion to compel the Report

---

[1] When explaining to the Court at oral argument why Defendants only addressed three of the ten factors and why the Court should not interpret the limited scope of Defendants' brief as a concession that the remaining seven factors do indeed weigh in Plaintiff's favor, defense counsel reasoned that the focus was out of respect for the Court's time and page limit requirements. Interestingly enough, however, Defendants' response brief measured just twelve pages in length out of the thirty-five pages allotted pursuant to the Local Rules, S.D. Ind. L.R. 7-1(e)(1), and the three factors addressed were discussed in only five of the twelve pages [Dkt. 49 at 7-11]. Thus, the Court finds that Defendants' brevity was not out of necessity, but out of choice.

3

and the Summary. [Dkt. 49 at 5-12.] At oral argument, Plaintiff withdrew his request for the IMPD Internal Affairs Summary of the report, which withdrawal was confirmed at the subsequent hearing on the matter. Additionally, at the subsequent hearing on the matter Defendants agreed to produce certain documents that had previously been withheld, provided that they are produced pursuant to a protective order. Accordingly, the scope of Plaintiff's motion to compel is now limited to the documents that Defendants have not agreed to produce pursuant to the forthcoming protective order and that are not a Summary of the Incident Report.

The law enforcement investigatory privilege "is a qualified common law privilege protecting civil as well as criminal law enforcement investigatory files from civil discovery." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443 (S.D. Ind. 2003). The purposes of the privilege are (1) to prevent public disclosure of law enforcement techniques and procedures; (2) to preserve the confidentiality of sources; (3) to ensure the safety of witnesses and law enforcement personnel; (4) to maintain the privacy of those involved with an investigation; and (5) to prevent outside interference with an investigation. *Id.* at 444 (quoting *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988)). Once a court makes a finding that the requested materials fall within the scope of the law enforcement investigatory privilege, the court must weigh the public interest in protecting the confidentiality of police investigations against the civil right of the requesting party. *Id.*

In order to weigh these competing interests, courts consider the ten factors first established in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). *See, e.g.*, *Anderson v. Marion Cnty. Sheriff's Dep't*, 220 F.R.D. 555, 563-64 (S.D. Ind. 2004); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 444 (S.D. Ind. 2003); *Tuite v. Henry*, 181 F.R.D. 175, 177 (D.D.C. 1998) *aff'd*, 203 F.3d 53 (D.C. Cir. 1999). The ten factors are as follows:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;
> (2) the impact upon persons who have given information of having their identities disclosed;
> (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;
> (4) whether the information sought is factual data or evaluative summary;
> (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;
> (6) whether the investigation has been completed;
> (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;
> (8) whether the plaintiff's suit is nonfrivolous and brought in good faith;
> (9) whether the information sought is available through other discovery or from other sources; and
> (10) the importance of the information sought to the plaintiff's case.

*Jones*, 216 F.R.D. at 444 (citing to *Tuite*, 181 F.R.D. at 177). The court has "considerable leeway" in weighing the aforementioned factors. *Tuite*, 181 F.R.D. at 177. As with any allegation of privilege, "the party claiming the privilege bears the burden of justifying the application of the investigatory privilege." *Jones*, 216 F.R.D. at 444.

The Court will now address the documents submitted by Defendants on August 20, 2015 that remain withheld as "Privileged." The first two of the four documents being so withheld appear to be identical copies that both consist of "the Internal Affairs commander's summary" of the investigation dated March 27, 2013 and the "Case Summary" submitted by an Internal Affairs investigator on February 13, 2013. The third document being withheld as privileged, titled Firearms Investigation Report, is a summary of the identity of the witnesses to the incident, the physical location of the Incident, and the weather conditions at the time of the Incident, with a narrative "Summary" of the Incident attached. The Court finds these three documents to be the exact Summaries for which Plaintiff withdrew his request, and accordingly they are no longer at issue. Thus, the only document in question is a compilation of Internal Affairs investigators'

5

handwritten notes regarding the Incident. The Court will now examine whether the investigators' handwritten notes are protected by the law enforcement investigatory privilege by weighing the *Frankenhauser* factors, as similarly weighed in *Jones*.

### A. The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information

In *Jones*, the court found that disclosure could potentially thwart the governmental process, as there was considerable local media coverage of that incident and the incident involved a criminal investigation. 216 F.R.D. at 445-46. Although no evidence of media coverage of this Incident was presented, the fact remains that there is an interest in encouraging citizens to assist law enforcement with future investigations. Accordingly, this factor weighs slightly in Defendants' favor.

### B. The impact upon persons who have given information of having their identities disclosed

The *Jones* court found that disclosure could potentially have a negative impact on certain witnesses because "whether the witnesses' fears are well founded or not, some members of the community may feel intimidated, or even threatened by providing evidence that may implicate a police officer in engaging in criminal activity." *Id.* at 446. While this perception is not always the case, it is a possibility. Accordingly, this factor, too, weighs slightly in Defendants' favor.

### C. The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure

In *Jones*, the court found this factor to weigh in favor of non-disclosure because "the release of I[M]PD's investigatory techniques is akin to a team providing its opponent with its play book." *Id.* Here, there is even greater reason to maintain privilege over the materials in question, as they are handwritten notes of Internal Affairs investigators, not just IMPD officers,

6

and the materials are an exact example of "governmental self-evaluation." Thus, the Court finds that this factor weighs strongly in Defendants' favor.

### D. Whether the information sought is factual data or evaluative summary

On this issue, the *Jones* court reasoned that the "notes containing information relating to I[M]PD's investigation" were evaluative rather than factual and fell "squarely within the investigatory privilege." *Id.* Likewise, the IA investigators' notes presented to the Court for *in camera* review are evaluative and not factual in nature. Accordingly, this factor weighs strongly in Defendants' favor.

### E. Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question

In *Jones*, the plaintiff seeking the materials was the executor of the shooting victim's estate, and the court found that the factor weighed in favor of the plaintiff. *Id.* at 447. Here, while the Plaintiff was charged with possession of marijuana following the Incident, the case is now closed and therefore Plaintiff is not a potential defendant in a "pending" or "likely" criminal proceeding relating to the Incident. [Dkt. 47 at 7.] Thus, the Court finds that this factor weighs in Plaintiff's favor.

### F. Whether the investigation has been completed

The court in *Jones* found that this factor weighed in favor of non-disclosure, as the Department of Justice had opened an investigation into the matter that was on-going. 216 F.R.D. at 447. Here, however, the IA investigation concluded over two years ago, no grand jury was convened, and no action was taken by the prosecutor's office. [Dkt. 47 at 7.] Accordingly, the Court finds that this factor weighs strongly in Plaintiff's favor.

### G. Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation

7

Although the defendants in *Jones* had only been placed on "administrative duty" without formal disciplinary action, the Department of Justice investigation had the potential of culminating in criminal indictments, so this factor weighed in favor of non-disclosure. 216 F.R.D. at 447. Again, there is no such ongoing investigation in this matter, and no evidence was presented suggesting that disciplinary proceedings against Officer Keithley had arisen in the past. Thus, this factor also weighs strongly in Plaintiff's favor.

### H.  Whether the plaintiff's suit is nonfrivolous and brought in good faith

The *Jones* matter involved "the untimely death of a man in police custody," so the court quickly found that this factor weighed in the plaintiff's favor. 216 F.R.D. at 447. While Plaintiff here, thankfully, did not die from his wounds sustained during the Incident, the fact remains that he sustained injuries when he was shot by a police officer. Thus, Plaintiff's suit before the Court is not frivolous, and this factor weighs in Plaintiff's favor.

### I.  Whether the information sought is available through other discovery or from other sources

On this point, the *Jones* court found that this factor weighed in favor of non-disclosure because the plaintiff could obtain factual information by deposing witnesses and had already deposed some IMPD officers regarding the incident that occurred one year prior. *Id.* at 448. In this matter, almost three years have passed since the Incident occurred, and Plaintiff asserts that any deposition taken now will not produce information as equally reliable as the information contained in the materials sought. [Dkt. 47 at 8.] The Court is inclined to agree with Plaintiff's argument and finds that this factor weighs slightly in Plaintiff's favor.

### J. The importance of the information sought to the plaintiff's case

In *Jones*, the plaintiff made no effort to articulate how each piece of evidence sought was necessary to the claim before the court, so the factor was found to weigh in favor of non-disclosure. 216 F.R.D. at 448. At oral argument in this matter, Plaintiff asserted that the materials sought, such as the statements of Officer Keithley and the other witnesses, were essential to piecing together the events that took place the night of the Incident. However, Defendants have since agreed to produce the statements sought, and only the IA investigators' handwritten notes are at issue, and Plaintiff made no assertion with regard to their significance to his case. Accordingly, the Court finds that this favor weighs strongly in Defendant's favor.

Having weighed each of the *Frankenhauser* factors, and in its broad discretion, the Court finds that the Defendants need not produce the handwritten notes taken by the Internal Affairs investigators. Although there are factors that weigh in favor of both disclosure and non-disclosure, the Court finds particularly persuasive the fact that the handwritten notes are not factual in nature and the fact that that the information contained therein is not of significant importance to Plaintiff's case. Accordingly, Plaintiff's motion to compel with regard to the final document at issue is **DENIED**.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Compel Production of Documents. [Dkt. 46.] Pursuant to their oral stipulation and this Order, Defendants are **ORDERED** to produce the discoverable documents contained in the Indianapolis Metropolitan Police Department Internal Affairs Report regarding the Incident within seven (7) days of the date of this Order.

Dated: 08/31/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

M. Edward Krause, III
COHEN GARELICK & GLAZIER
ekrause@cgglawfirm.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com